### Gordon v. Karsnitz (No. 1)

*David J. Brightbill,* of *Lewis, Brubaker, Whitman & Christianson,* for plaintiff.

*Frederick S. Wolfson,* of *Egli, Walter, Reilly & Wolfson,* for defendants.

GATES, P. J., November 20, 1973.—This case comes before us on defendants' demurrer to plaintiff's complaint in equity which seeks to enjoin defendants from making any sale or disposition of their capital stock under the terms of an agreement between the parties.

By virtue of defendants' demurrer, the following facts from the complaint are deemed admitted. On June 8, 1961, plaintiff and defendants entered into an agreement which is obviously collateral to, and as an inducement for the plaintiff's entering into, an agreement to become an employe of the Durable Shoe Company, Inc.

January 10, 1973, plaintiff notified the Durable Shoe Company of the termination of his employment effective July 16, 1973. In accordance with paragraph 11 of the agreement, plaintiff has demanded that defendants repurchase all of the shares of stock owned by him at a price in accordance with the terms of the written agreement. Defendants have refused to pay plaintiff's demand in accordance with the agreement.

Plaintiff further alleges that, in violation of paragraph 18 of the agreement, defendants are attempting to sell 50 percent of their stock to an individual in violation of the agreement and without first offering the stock to the remaining shareholders as is provided in paragraph 18 of the agreement. It is this sale that plaintiff seeks to enjoin.

It is defendants' contention, and thus the basis of the demurrer, that plaintiff has no standing in equity to enjoin the sale to others by reason of paragraph 19 of the agreement. This paragraph provides as follows:

"19. That this agreement shall be binding upon both

parties of the first part and the party of the second part for and during the term of employment of the second party as expressed in employment contract executed concurrently with this agreement."

Defendants argue that when the complaint in equity was filed on August 7, 1973, plaintiff had already terminated his employment effective July 16, 1973, and, therefore, plaintiff's right of first refusal as detailed in paragraph 18 was no longer binding upon the parties to the agreement by virtue of paragraph 19. With this contention, we agree.

Certainly, plaintiff would have the right to bring an action in assumpsit for the repurchase of his shares of stock at the value based upon the terms of the agreement. However, his right to participate in the sale and have first rights of refusal under paragraph 18 terminated when his employment contract terminated. While the language of paragraph 19 is couched in affirmative terms, expressly stating that the agreement shall be binding upon the parties of the first part and the party of the second part ". . . for and during the term of employment of the second party . . . ," it necessarily and logically follows that the agreement was not binding on defendants after the term of employment. This is the only logical construction that can be placed on the intention of the parties in inserting paragraph 19 in the complaint.

Thus, we conclude that plaintiff has no standing under the terms of the now terminated agreement to ask for an injunction. Therefore, the demurrer will be sustained.

## ORDER

And now, to wit, November 20, 1973, defendants' preliminary objections to plaintiff's complaint in equity are sustained.